IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>KLEINBANK, )<br>)<br>Defendant. )<br>_____) | CIVIL ACTION NO. 17-cv-136 |

## COMPLAINT

1.	The United States brings this action against KleinBank for engaging in a pattern or practice of unlawful redlining by structuring its residential mortgage lending business so as to avoid serving the credit needs of neighborhoods where a majority of residents are individuals of racial and ethnic minorities, in violation of the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691-1691f ("ECOA"), and the Fair Housing Act, 42 U.S.C. §§ 3601-3619 ("FHA").

2.	"Redlining" is the practice by which lenders deny or avoid providing credit services to predominantly minority neighborhoods.

3.	From 2010 to at least 2015, KleinBank's redlining, as described herein, denied residents of the majority-minority neighborhoods of the Minneapolis-St. Paul-Bloomington, MN-WI Metropolitan Statistical Area (the "MSA"), an equal opportunity to apply for and obtain residential real estate-related loans, on account of the racial and ethnic composition of those neighborhoods.

4. For each year from 2010 to 2015, statistical analyses of KleinBank's residential real estate-related loan applications and originations show that the Bank served the credit needs of the residents of majority-white census tracts to a significantly greater extent than it served the credit needs of the residents of majority-minority census tracts.[1] During that time period, comparable lenders generated applications in majority-minority tracts at over five times the rate of KleinBank, and originated loans in majority-minority tracts at over four times the rate of KleinBank.

5. KleinBank's practices that denied or discouraged an equal opportunity to residents of majority-minority census tracts from applying for or obtaining a residential mortgage loan from KleinBank include, but are not necessarily limited to: excluding most majority-minority census tracts in the MSA from the geographic area that KleinBank delineated as its market area pursuant to the Community Reinvestment Act (its "CRA assessment area"); locating branch offices and mortgage loan officers in majority-white census tracts, but not in majority-minority census tracts; and targeting marketing and advertising toward residents of majority-white census tracts, excluding majority-minority neighborhoods.

## JURISDICTION AND VENUE

6. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1345, 15 U.S.C. § 1691e(h), and 42 U.S.C. § 3614.

---

[1] "Majority-minority" census tracts are those in which over fifty percent (50%) of the residents are of a minority race, ethnicity, or national origin. "Majority-white" census tracts are those in which over fifty percent (50%) of the residents are non-Hispanic whites.

7. Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391 because KleinBank conducts business and has its principal place of business in this judicial district.

## PARTIES

8. Plaintiff United States brings this action to enforce the provisions of ECOA and the FHA. ECOA authorizes the Attorney General to initiate a civil action in federal district court whenever she has reasonable cause to believe that a pattern or practice of discrimination has occurred. 15 U.S.C. § 1691e(h). The FHA authorizes the Attorney General to initiate a civil action in federal district court whenever she has reasonable cause to believe that a pattern or practice of discrimination in violation of the FHA has occurred, or that any group of persons has been denied rights granted by the FHA and such denial raises an issue of general public importance. 42 U.S.C. § 3614(a).

9. Defendant KleinBank ("KleinBank" or "Bank") is a wholly-owned subsidiary of Klein Financial, Inc., a financial holding company headquartered in Chaska, Minnesota.

10. KleinBank has been operating since approximately 2005 under its current charter. It was formed in 2005 by combining the charters of nine banks that were owned by Klein Financial, Inc.

11. KleinBank offers the traditional services of a financial depository and lending institution, including the receipt of monetary deposits and the financing of

residential housing and commercial loans.  As of March 2016, KleinBank had assets totaling over $1.8 billion.

12. KleinBank is subject to the federal laws governing fair lending, including ECOA and the FHA and their respective implementing regulations, Regulation B of the Consumer Financial Protection Bureau, 12 C.F.R. pt. 1002 (and the predecessor Regulation B issued by the Board of Governors of the Federal Reserve System), and the fair housing regulations of the United States Department of Housing and Urban Development, 24 C.F.R. pt. 100.

13. KleinBank is subject to the regulatory authority of the Federal Deposit Insurance Corporation ("FDIC").  The FDIC has never conducted a redlining examination of KleinBank.  The FDIC also has not commented on or approved KleinBank's CRA assessment area.

14. KleinBank is a "creditor" within the meaning of ECOA, 15 U.S.C. § 1691a(e), and is engaged in "residential real estate-related transactions" within the meaning of the FHA, 42 U.S.C. § 3605.

## FACTUAL ALLEGATIONS

15. From 2010 to at least 2015, in operating and expanding the scope of its business, KleinBank has acted to meet the credit needs of individuals seeking residential real estate-related loans in majority-white census tracts in the MSA, and has avoided serving the similar credit needs in majority-minority census tracts.  KleinBank's conduct

described herein constitutes the redlining of majority-minority census tracts within the MSA in the provision of its home mortgage lending.

*Discriminatory CRA Assessment Area*

16. KleinBank's unlawful consideration of race and national origin in its business practices is evident from the assessment areas that the Bank established and maintained pursuant to the Community Reinvestment Act ("CRA").

17. Pursuant to the CRA, a bank's assessment area must consist generally of one or more metropolitan areas or contiguous political subdivisions unless that area would be extremely large, of unusual configuration, or divided by significant geographic barriers. 12 C.F.R. § 228.41(c)-(d). A bank's assessment area must consist only of whole geographies, and may not reflect illegal discrimination. 12 C.F.R. § 228.41(e).

18. KleinBank drew its main CRA assessment area to be horseshoe-shaped; it includes the majority white suburbs, and carves out the urban areas of Minneapolis and St. Paul that have higher proportions of minority populations.[2]

19. Since approximately 2007, KleinBank's main CRA assessment area has consisted of Anoka, Carver, Dakota, McLeod, Scott, Sherburne, Sibley, and Wright Counties, and a portion of Hennepin County. Within Hennepin County, the assessment area excludes an area roughly consistent with the city limits of Minneapolis. *See* Exhibit A for a map identifying KleinBank's main CRA assessment area.

---

[2] KleinBank has a second, smaller assessment area in rural western Minnesota. There are no majority-minority census tracts within that assessment area.

5

20. KleinBank's CRA assessment area excludes most of the majority-minority census tracts in the MSA. Specifically, the assessment area currently excludes 78 of the 97 majority-minority tracts in the MSA, all but two of which are located in Hennepin and Ramsey Counties.[3] KleinBank's assessment area excludes all 37 majority-minority census tracts in Ramsey County, and 39 of the 58 majority-minority census tracts in Hennepin County.

21. KleinBank's irregularly-shaped CRA assessment area improperly excludes areas that contain a substantial proportion of the MSA's majority-minority census tracts. KleinBank's proper CRA assessment area would include the entirety of Hennepin and Ramsey Counties.

*No Branch Locations in Majority-Minority Neighborhoods*

22. KleinBank has located branch offices in a manner designed to serve the banking and credit needs of the residents of majority-white census tracts, and to avoid serving the banking and credit needs of the residents of majority-minority census tracts. *See* Exhibit A for a map identifying KleinBank's current branch locations.

23. KleinBank has never opened or operated a branch in a majority-minority census tract. KleinBank currently has 19 full-service branches and one business loan processing office in the MSA. All of KleinBank's branches are and have been located in majority-white census tracts.

---

[3] The only two majority-minority tracts in the MSA outside of Hennepin and Ramsey Counties are in Washington County, which is also outside of KleinBank's CRA assessment area.

24.     Since 2007, KleinBank has opened or acquired at least seven full-service branches in the MSA, and one business loan processing office. All of these are located in majority-white census tracts.

25.     KleinBank's residential mortgage loan officers conduct the bulk of their residential mortgage loan business at KleinBank's branch locations. None of the Bank's residential mortgage loan officers maintain offices in majority-minority census tracts.

### *Marketing that Excludes Majority-Minority Neighborhoods*

26.     From at least 2010 to 2015, KleinBank engaged in limited marketing outside of its CRA assessment area, and failed to advertise meaningfully in majority-minority neighborhoods.

27.     KleinBank has made strategic decisions to market its residential mortgage lending products to residents of majority-white neighborhoods, excluding majority-minority neighborhoods. For example, KleinBank has targeted a portion of its marketing efforts to within a limited radius of its branch locations, which excludes majority-minority neighborhoods.

### *Disproportionately Low Applications in Majority-Minority Neighborhoods*

28.     From at least 2010 to 2015, KleinBank's practices as described herein have discouraged prospective applicants in majority-minority neighborhoods, resulting in relatively few mortgage loan applications from these neighborhoods.

29.     During that time, within the market area comprising the Bank's main CRA assessment area plus the areas in Hennepin and Ramsey Counties excluded from its

assessment area (collectively referred to as the "Proper Assessment Area"), there were statistically significant disparities in mortgage lending between KleinBank and comparable lenders. Those disparities remained statistically significant throughout the analyzed six-year period.

30. From 2010 to 2015, KleinBank generated 5,837 single-family (defined by the Home Mortgage Disclosure Act ["HMDA"], 28 U.S.C. §§ 2801-2810, as dwellings with 1-4 units) residential loan applications in the Proper Assessment Area that were required to be reported to its regulator pursuant to HMDA. Only 62 applications, or 1.06%, were related to residential property located in majority-minority census tracts. During that same time period, comparable lenders generated 5.58% of their single-family residential loan applications related to residential property located in majority-minority census tracts within the Proper Assessment Area — more than five times the rate of KleinBank.

31. These results show a statistically significant failure by KleinBank to provide loan services and draw applications for dwellings located in majority-minority tracts on an equal basis with majority-white census tracts, relative to comparable lenders. *See* Exhibit B for a map reflecting KleinBank's residential loan applications between 2010 and 2015.

32. Even analyzing KleinBank's lending data in narrower market areas, KleinBank generated a smaller proportion of HMDA-reportable residential mortgage loan applications in majority-minority tracts relative to comparable lenders. For

example, within only KleinBank's current main CRA assessment area, KleinBank generated a smaller proportion of residential mortgage loan applications in majority-minority tracts than comparable lenders. Moreover, within the Bank's main CRA assessment area plus the remainder of Hennepin County, KleinBank generated a smaller proportion of residential mortgage loan applications in majority-minority tracts than comparable lenders within the Proper Assessment Area.

### *Disproportionately Low Originations in Majority-Minority Neighborhoods*

33. Also from 2010 to 2015, KleinBank originated a smaller proportion of HMDA-reportable residential mortgage loans in majority-minority tracts relative to comparable lenders. For example, within the Proper Assessment Area, only 51, or 1.16%, of KleinBank's 4,392 loans were secured by residential property located in majority-minority census tracts. In contrast, 5.15% of residential loans originated by comparable lenders were secured by residential property located in majority-minority tracts — more than four times the rate of KleinBank.

34. These figures show a statistically significant failure by KleinBank to provide loan services for dwellings located in majority-minority tracts.

35. Even analyzing KleinBank's origination data in narrower market areas, KleinBank originated a smaller proportion of HMDA-reportable residential mortgage loans in majority-minority tracts than comparable lenders. For example, solely within KleinBank's main CRA assessment area, KleinBank originated a smaller proportion of residential mortgage loans in majority-minority tracts than comparable lenders.

Moreover, within the Bank's main CRA assessment area plus the remainder of Hennepin County, KleinBank originated a smaller proportion of residential mortgage loans in majority-minority tracts than comparable lenders. This further shows a statistically significant failure by KleinBank to provide loan services for dwellings located in majority-minority tracts.

*United States' Investigation*

36. On May 21, 2015, the Department of Justice informed KleinBank that it had initiated an investigation into potential lending discrimination by the Bank, including whether KleinBank had discriminated on the basis of race and/or national origin by failing to provide lending services to majority-minority communities within the MSA.

37. KleinBank's discriminatory practices as described herein have been intentional and willful, and implemented with reckless disregard for the rights of individuals on the basis of their race and/or national origin.

## COUNT I
**(Discrimination on the Basis of Race and/or National Origin)**

38. The United States re-alleges and re-incorporates by reference the allegations set forth above.

39. The conduct of KleinBank described above constitutes:

    a. Making residential real estate transactions unavailable, or discriminating in the terms or conditions of such transactions, on the basis of race and/or national origin, in violation of the Fair Housing Act, 42 U.S.C. § 3605(a);

10

  b. Making dwellings unavailable to persons because of race and/or national origin, in violation of the Fair Housing Act, 42 U.S.C. § 3604(a);

  c. Discrimination on the basis of race and/or national origin in the terms, conditions, or privileges of the provision of services or facilities in connection with the sale or rental of dwellings, in violation of the Fair Housing Act, 42 U.S.C. § 3604(b); and

  d. Discrimination against applicants with respect to credit transactions, on the basis of race and/or national origin, in violation of the Equal Credit Opportunity Act, 15 U.S.C. § 1691(a)(1).

40. Persons who have been victims of KleinBank's discriminatory policies and practices are aggrieved as defined in 42 U.S.C. § 3602(i) and 15 U.S.C. § 1691(e)(i), and may have suffered damages as a result of KleinBank's conduct in violation of both the Fair Housing Act and the Equal Credit Opportunity Act, as described herein.

## COUNT II
**(Pattern or Practice of Discrimination)**

41. The United States re-alleges and re-incorporates by reference the allegations set forth above.

42. The conduct of KleinBank described as above constitutes:

  a. A pattern or practice of resistance to the full enjoyment of rights secured by the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, and the Equal Credit Opportunity Act, 15 U.S.C. § 1691e(h); and/or

   b.  Unlawful discrimination that raises an issue of general public importance within the meaning of 42 U.S.C. § 3614(a) and 15 U.S.C. § 1691h.

43. Persons who have been victims of KleinBank's discriminatory policies and practices are aggrieved as defined in 42 U.S.C. § 3602(i) and 15 U.S.C. § 1691(e)(i), and may have suffered damages as a result of KleinBank's conduct in violation of both the Fair Housing Act and the Equal Credit Opportunity Act, as described herein.

## REQUEST FOR RELIEF

WHEREFORE, the United States requests that the Court enter an order that:

(1) Declares that the conduct of KleinBank violates the Fair Housing Act;

(2) Declares that the conduct of KleinBank violates the Equal Credit Opportunity Act;

(3) Enjoins KleinBank, its agents, employees, and successors, and all other persons in active concert or participation with it, from:

   (A) Discriminating on account of race or national origin in any aspect of their lending business practices;

   (B) Failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, the victims of KleinBank's unlawful practices to the position they would be in but for the discriminatory conduct;

    (C) Failing or refusing to take such affirmative steps as may be necessary to prevent the recurrence of any discriminatory conduct in the future and to eliminate, to the extent practicable, the effects of KleinBank's unlawful practices, and providing policies and procedures to ensure all segments of KleinBank's market areas are served without regard to prohibited characteristics;

 (4) Awards monetary damages to all the victims of KleinBank's discriminatory policies and practices for the injuries it caused, pursuant to 42 U.S.C. § 3614(d)(1)(B) and 15 U.S.C. § 1691e(h); and

 (5) Assesses a civil penalty against KleinBank in an amount authorized by 42 U.S.C. § 3614(d)(1)(C), in order to vindicate the public interest.

The United States further requests such additional relief as the interests of justice may require.

Dated: January 13, 2017

Respectfully submitted,

           LORETTA E. LYNCH
           Attorney General

           VANITA GUPTA
           Principal Deputy Assistant Attorney General
           Civil Rights Division

           SAMEENA SHINA MAJEED
           Chief
           Housing and Civil Enforcement Section
           Civil Rights Division

           */s/ Lucy G. Carlson*
           LUCY G. CARLSON
           Deputy Chief
           AURORA BRYANT (LA Bar #33447)
           ERNESTINE WARD (MD #1112150249)
           Trial Attorneys
           Housing and Civil Enforcement Section
           Civil Rights Division
           U.S. Department of Justice
           950 Pennsylvania Avenue NW
           Northwestern Building, 7th Floor
           Washington, D.C. 20530
           Phone:  (202) 616-2602
           Fax:  (202) 514-1116
           Aurora.Bryant@usdoj.gov
           Ernestine.Ward2@usdoj.gov