UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Civil No. 17-136 (RHK/FLN) |
| Plaintiff, | |
| v. | **REPORT AND** |
| KleinBank, | **RECOMMENDATION** |
| Defendant. | |

Aurora Bryant for Plaintiff.
Joseph Witt for the Minnesota Bankers Association.

**THIS MATTER** came before the undersigned United States Magistrate Judge on June 5, 2017, on the Minnesota Bankers Association's ("MBA") motion to file an *amicus curiae* brief (ECF No. 29). This matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. Order, ECF No. 31. For the reasons set forth below, the Court recommends that the motion be **GRANTED**.

This case stems from the Government's allegation that Defendant KleinBank engaged in a pattern or practice of redlining by structuring its residential mortgage lending business to avoid offering credit to ethnic and racial minorities. *See generally* Compl., ECF No. 1. The Government's Complaint raises two counts under the Fair Housing Act, and the Equal Credit Opportunity Act. *See id.* at 10–13; *see also* 42 U.S.C. §§ 3601, 3602, 3604, 3614, and 15 U.S.C. § 1691. On June 5, 2017, Defendant moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Mot. to Dismiss, ECF No. 18.

In the instant motion, the MBA, joined by forty other state banker associations, requests permission to file an *amicus curiae* brief in support of Defendant's motion to dismiss. *See* Mot. to

Appear as Amicus Curiae 2, ECF No. 29. The MBA has docketed its *amicus curiae* brief for the Court's review. *See* Am. Cur. Brief in Supp. of Mot. to Dismiss, ECF No. 30. The Government represents that it does not oppose the MBA's request to file an *amicus curiae* brief. *See* Letter, ECF No. 32.

Whether an *amicus curiae* brief may be filed is a matter left to the court's discretion. *See Mausolf v. Babbitt*, 158 F.R.D. 143, 148 (D. Minn.1994), *rev'd on other grounds*, 85 F.3d 1295 (8th Cir. 1996); *Rumble v. Fairview Health Serv.*, Case No. 14–cv–2037 (SRN/FLN), 2016 WL 6534407 at *1 (D. Minn. Nov. 3, 2016). Factors a court may consider in determining whether an *amicus curiae* brief may be filed include the timeliness or usefulness of the "proffered information . . . ." *Mausolf*, 158 F.R.D. at 148 (internal citations omitted).

Upon review of the MBA's *amicus curiae* brief, the Court, in its discretion, concludes that the brief provides "a perspective" that may be of use in resolving Defendant's motion to dismiss. *Id.* In addition, given that the Government does not oppose the request, the Court is satisfied that the MBA's *amicus curiae* brief should be considered in deciding Defendant's motion to dismiss.

Based on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that the MBA's motion to file an *amicus curiae* brief (ECF No. 29) be **GRANTED**.

DATED: June 30, 2017 *s/Franklin L. Noel*
FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before July 14, 2017, written objections that specifically identify the portions of the proposed findings or recommendations to which objection

is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by July 14, 2017 a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.