**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

_____

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                                 Case No. 17-cv-136 (RHK/FLN)

KLEINBANK,

          Defendant.

_____

**JOINT MOTION REGARDING CONTINUED SEALING**
_____

      Documents have been filed under temporary seal in connection with Defendant's Motion to Dismiss, ECF No. 18. Pursuant to LR 5.6, the parties submit this Joint Motion Regarding Continued Sealing and attachment Appendix A, in which the United States sets forth the material it asserts is improperly redacted.

| DKT. NO. | DESCRIPTION OF DOCUMENT | MARK "X" IN APPLICABLE COLUMN | | | NONPARTY THAT DESIGNATED DOC. CONFIDENTIAL (IF ANY) | REASON WHY DOCUMENT SHOULD REMAIN SEALED OR BE UNSEALED |
|---|---|---|---|---|---|---|
| | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | | |
| **[24]** | Excerpts from 2010 Federal Deposit Insurance Corporation ("FDIC") Document | X | | | KleinBank asserts that Docket 24 is confidential property of the FDIC. *See* 12 C.F.R. § 309.1 *et seq*. Federal regulations and the FDIC prohibit disclosure of Docket 24, or information contained therein, to individuals or entities outside of the FDIC without the FDIC's express authorization. *See* 12 C.F.R. § 309.6. Further, under 12 C.F.R. § 309.7, the FDIC must be notified of any subpoena or legal process seeking the disclosure of confidential records and provide authorization to disclose. Disclosure of records outside of the FDIC's authorization could subject KleinBank or others to penalties. | KleinBank asserts that Docket 24 must remain under seal to comply with federal regulations and the FDIC's limited authorization. Federal regulations prohibit public disclosure, *see* 12 C.F.R. §309.6, and the FDIC has provided <u>limited</u> authorization to disclose the excerpts contained in Docket 24 to the Authorized Parties only, conditioned on the documents being filed under seal. The FDIC has specifically prohibited disclosure of the entire report to the Authorized Parties. Accordingly, if the DOJ seeks access to the entire report, DOJ must request and obtain additional authorization |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | For the purposes of this litigation, KleinBank requested limited authorization from the FDIC to disclose the excerpts contained in Docket 24. Pursuant to KleinBank's request, the FDIC provided <u>limited</u> authorization to disclose the excerpts contained in Docket 24 to the Department of Justice ("DOJ"), this Court, and any appellate court that should subsequently have jurisdiction over this or related actions only (the "Authorized Parties"). The FDIC has not granted permission to disclose the full report to the Authorized Parties. The FDIC's limited authorization was also conditioned on KleinBank filing the document under seal to protect from public disclosure. | from the FDIC pursuant to applicable regulations. *See* 12 C.F.R. § 309.6.<br><br>The United States does not dispute the confidentiality of this document or that it is proper for the document to be sealed. KleinBank sought permission from the FDIC to disclose a total of less than 4 of approximately 17 pages of the report, rather than the full document, to support its motion to dismiss. The United States argued in its Memorandum in Opposition to KleinBank's Motion to Dismiss that the filing of such heavily redacted excerpts is improper, and asked the Court to disregard this document in considering the motion to dismiss. |
| [25] | Excerpts from 2013 FDIC Document | X | | | KleinBank asserts that Docket 25 is confidential property of the FDIC. *See* 12 C.F.R. § 309.1 *et seq*. Federal regulations and the FDIC prohibit disclosure of Docket 25, or information | KleinBank asserts that Docket 25 must remain under seal to comply with federal regulations and the FDIC's limited authorization. Federal regulations prohibit public |

3

| | | | | | | | | contained therein, to individuals or entities outside of the FDIC without the FDIC's express authorization. *See* 12 C.F.R. § 309.6. Further, under 12 C.F.R. § 309.7, the FDIC must be notified of any subpoena or legal process seeking the disclosure of confidential records and provide authorization to disclose. Disclosure of records outside of the FDIC's authorization could subject KleinBank or others to penalties.<br><br>For the purposes of this litigation, KleinBank requested authorization from the FDIC to disclose the excerpts contained in Docket 25. Pursuant to KleinBank's request, the FDIC provided limited authorization to disclose the excerpts contained in Docket 25 to the Department of Justice ("DOJ"), this Court, and any appellate court that should subsequently have jurisdiction over this or related actions only (the "Authorized Parties"). The FDIC has not granted permission to disclose the full report to the | disclosure, *see* 12 C.F.R. § 309.6, and the FDIC has provided limited authorization to disclose the excerpts contained in Docket 25 to the Authorized Parties only, conditioned on the documents being filed under seal. The FDIC has specifically prohibited disclosure of the entire report to the Authorized Parties. Accordingly, if the DOJ seeks access to the entire report, DOJ must request and obtain additional authorization from the FDIC pursuant to applicable regulations. *See* 12 C.F.R. § 309.6.<br><br>The United States does not dispute the confidentiality of this document or that it is proper for the document to be sealed. KleinBank sought permission from the FDIC to disclose a total of less than 3 of approximately 11 pages of the report, rather than the full document, to support its motion to dismiss. The |

| | | | | | | | Authorized Parties. The FDIC's limited authorization was also conditioned on KleinBank filing the document under seal to protect from public disclosure. | United States argued in its Memorandum in Opposition to KleinBank's Motion to Dismiss that the filing of such heavily redacted excerpts is improper, and asked the Court to disregard this document in considering the motion to dismiss. |
|---|---|---|---|---|---|---|---|---|

| [26] | Excerpts from 2015 FDIC Document | X | | | | KleinBank asserts that Docket 26 is confidential property of the FDIC. *See* 12 C.F.R. § 309.1 *et seq.* Federal regulations and the FDIC prohibit disclosure of Docket 26, or information contained therein, to individuals or entities outside of the FDIC without the FDIC's express authorization. *See* 12 C.F.R. § 309.6. Further, under 12 C.F.R. § 309.7, the FDIC must be notified of any subpoena or legal process seeking the disclosure of confidential records and provide authorization to disclose. Disclosure of records outside of the FDIC's authorization could subject KleinBank or others to penalties.<br><br>For the purposes of this litigation, KleinBank requested authorization from the FDIC to disclose the excerpts contained in Docket 26. Pursuant to KleinBank's request, the FDIC provided <u>limited</u> authorization to disclose the excerpts contained in Docket 26 to the Department of Justice ("DOJ"), this Court, and | KleinBank asserts that Docket 26 must remain under seal to comply with federal regulations and the FDIC's limited authorization. Federal regulations prohibit public disclosure, *see* 12 C.F.R. § 309.6, and the FDIC has provided <u>limited</u> authorization to disclose the excerpts contained in Docket 26 to the Authorized Parties only, conditioned on the documents being filed under seal. The FDIC has specifically prohibited disclosure of the entire report to the Authorized Parties. Accordingly, if the DOJ seeks access to the entire report, DOJ must request and obtain additional authorization from the FDIC pursuant to applicable regulations. *See* 12 C.F.R. § 309.6.<br><br>The United States does not dispute the confidentiality of this document or that it is proper for the document to be sealed. KleinBank sought |

6

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | | | any appellate court that should subsequently have jurisdiction over this or related actions only (the "Authorized Parties"). The FDIC has not granted permission to disclose the full report to the Authorized Parties. The FDIC's limited authorization was also conditioned on KleinBank filing the document under seal to protect from public disclosure. | permission from the FDIC to disclose a total of less than 4 of approximately 11 pages of the report, rather than the full document, to support its motion to dismiss. The United States argued in its Memorandum in Opposition to KleinBank's Motion to Dismiss that the filing of such heavily redacted excerpts is improper, and asked the Court to disregard this document in considering the motion to dismiss. |

7

| | | | | | | |
|---|---|---|---|---|---|---|
| [19] | Portions of the Memorandum in Support of Defendant's Motion to Dismiss | | | | X | KleinBank asserts that Docket 19 quotes from, summarizes, and references Docket 24-26, which are confidential property of the FDIC. *See* 12 C.F.R. § 309.1 *et seq*. Federal regulations and the FDIC prohibit disclosure of <u>information contained</u> in Docket 24-26 to individuals or entities outside of the FDIC without the FDIC's express authorization. *See* 12 C.F.R. § 309.6; *see also* 12 C.F.R. § 309.7. Disclosure of records outside of the FDIC's authorization could subject KleinBank or others to penalties.<br><br>Pursuant to KleinBank's request, the FDIC provided <u>limited</u> authorization to disclose excerpts contained in Docket 24-26 to the Department of Justice ("DOJ"), this Court, and any appellate court that should subsequently have jurisdiction over this or related actions only (the "Authorized Parties"). The FDIC's limited authorization was conditioned on KleinBank filing information contained in Docket 24-26 under seal to protect from | KleinBank asserts that Federal regulations prohibit disclosure of information contained in Docket 24-26, including the quotations from, summaries of, or references to such documents in Docket 19. *See* 12 C.F.R. § 309.6. The FDIC has provided <u>limited</u> authorization to disclose the excerpts contained in Docket 24-26 to the Authorized Parties only, conditioned on the documents being filed under seal. Accordingly, content from Docket 24-26 has been redacted from the publicly-filed version of Docket 19. If the DOJ seeks to file such information publicly, DOJ must request and obtain additional authorization from the FDIC pursuant to applicable regulations. *See* 12 C.F.R. § 309.6.<br><br>The United States asserts that KleinBank's redactions in this document are overly broad. |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | public disclosure.<br><br>The United States objects to this claim because the FDIC's statement that the documents listed in Docket nos. 24-26 should "remain confidential" does not apply beyond the content of the documents themselves. | The United States does not dispute the confidentiality of quotations or factual summaries of the FDIC documents listed above. Rather, the United States objects to the heavy redaction of Defendant's own characterizations of the documents that are not supported by the content of the documents themselves, and Defendant's arguments pertaining to its own perception of the significance of the documents. *See* Def. Mem. Supp. Mot. Dismiss 2, 8-13, 33-37, ECF Nos. 19, 20. KleinBank's redactions go far beyond the scope of the content of the FDIC documents themselves and are improper. *See id.*; *see also In re Neal*, 461 F.3d 1048, 1053-54 (8th Cir. 2006) (noting that courts favor court filings to be publicly available, and ordering certain information in a filing to be unsealed where, as here, a party had overdesignated as confidential |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | information that did not fall within the narrow statutory prescription for confidentiality). |
| [21] | Portions of the Declaration of John W. Lundquist in Support of Defendant's Motion to Dismiss | | | X | KleinBank asserts that Docket 21 quotes from, summarizes, and references Docket 24-26, which are confidential property of the FDIC. *See* 12 C.F.R. § 309.1 *et seq.* Federal regulations and the FDIC prohibit disclosure of <u>information contained</u> in Docket 24-26 to individuals or entities outside of the FDIC without the FDIC's express authorization. *See* 12 C.F.R. § 309.6; *see also* 12 C.F.R. § 309.7. Disclosure of records outside of the FDIC's authorization could subject KleinBank or others to penalties. Pursuant to KleinBank's request, the FDIC provided <u>limited</u> authorization to disclose excerpts contained in Docket 24-26 to the Department of Justice ("DOJ"), this Court, and any appellate court that should subsequently have jurisdiction over this or related actions only (the "Authorized Parties"). The FDIC's limited authorization was | KleinBank asserts that federal regulations prohibit disclosure of information contained in Docket 24-26, including the title of or references to such documents in Docket 21. *See* 12 C.F.R. § 309.6. The FDIC has provided <u>limited</u> authorization to disclose the excerpts contained in Docket 24-26 to the Authorized Parties only, conditioned on the documents being filed under seal. Accordingly, content from Docket 24-26 has been redacted from the publicly-filed version of Docket 21. If the DOJ seeks to file such information publicly, DOJ must request and obtain additional authorization from the FDIC pursuant to applicable regulations. *See* 12 C.F.R. § 309.6.<br><br>The United States disputes the |

10

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | | | conditioned on KleinBank filing information contained in Docket 24-26 under seal to protect from public disclosure.<br><br>The United States objects to this claim because the FDIC's statement that the documents listed above should "remain confidential" does not apply beyond the content of the documents themselves. | confidentiality of this document because the document contains no confidential information protected by the relevant regulation(s). It does not "quote[] from, summarize[], or reference[]" the confidential FDIC documents listed above, as KleinBank contends; it states only the names and dates of the documents and no other information. |

11

| | | | | | | |
|---|---|---|---|---|---|---|
| [35] | Portions of the United States' Memorandum in Opposition to Defendant's Motion to Dismiss | | | | X | KleinBank asserts that Docket 35 quotes from, summarizes, and references Docket 24-26, which are confidential property of the FDIC. *See* 12 C.F.R. § 309.1 *et seq*. Federal regulations and the FDIC prohibit disclosure of <u>information contained</u> in Docket 24-26 to individuals or entities outside of the FDIC without the FDIC's express authorization. *See* 12 C.F.R. § 309.6; *see also* 12 C.F.R. § 309.7. Disclosure of records outside of the FDIC's authorization could subject KleinBank or others to penalties.<br><br>Pursuant to KleinBank's request, the FDIC provided <u>limited</u> authorization to disclose excerpts contained in Docket 24-26 to the Department of Justice ("DOJ"), this Court, and any appellate court that should subsequently have jurisdiction over this or related actions only (the "Authorized Parties"). The FDIC's limited authorization was conditioned on KleinBank filing information contained in Docket 24-26 under seal to protect from | KleinBank asserts that federal regulations prohibit disclosure of information contained in Docket 24-26, including the quotations from, summaries of, or references to such documents in Docket 35. *See* 12 C.F.R. § 309.6. The FDIC has provided <u>limited</u> authorization to disclose the excerpts contained in Docket 24-26 to the Authorized Parties only, conditioned on the documents being filed under seal. Accordingly, content from Docket 24-26 has been redacted from the publicly-filed version of Docket 35. If the DOJ seeks to file such information publicly, DOJ must request and obtain additional authorization from the FDIC pursuant to applicable regulations. *See* 12 C.F.R. § 309.6.<br><br>The United States has made redactions that are proper pursuant to federal regulations |

| | | | | | public disclosure. | that prohibit public disclosure of certain limited excerpts. *See* U.S. Resp. 18 n.10, 19, 20, ECF Nos. 35, 36; *see also* 12 C.F.R. §§ 309.5(g); 309.6(a). These redactions should remain so in the publicly-filed version of this document.<br><br>The United States has also made redactions pursuant to Local Rule 5.6(c)(2)(B) based on Defendant's improper redactions. *See* U.S. Resp. 17, 18-19, 25 This information -- Defendant's arguments and Defendant's own characterizations of the FDIC documents – should not be redacted in the publicly-filed version of this document because it goes far beyond the scope of the content of the FDIC documents themselves. |
| --- | --- | --- | --- | --- | --- | --- |
| [38] | Portions of the Reply Memorandum in Support of Defendant's Motion to | | | X | | KleinBank asserts that federal regulations prohibit disclosure of information contained in Docket 24-26, including the quotations from, summaries of, or references to such |

| | | | | | | |
|---|---|---|---|---|---|---|
| | Dismiss | | | | | documents in Docket 38. *See* 12 C.F.R. § 309.6. The FDIC has provided <u>limited</u> authorization to disclose the excerpts contained in Docket 24-26 to the Authorized Parties only, conditioned on the documents being filed under seal. Accordingly, content from Docket 24-26 has been redacted from the publicly-filed version of Docket 38. If the DOJ seeks to file such information publicly, DOJ must request and obtain additional authorization from the FDIC pursuant to applicable regulations. *See* 12 C.F.R. § 309.6.<br><br>The United States asserts that KleinBank's redactions in this document are overly broad. The United States does not dispute the confidentiality of quotations or factual summaries of the FDIC documents listed above. *See* Def. Reply 6, 7, ECF Nos. 38, 39. Rather, the United States |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | objects to the heavy redaction of Defendant's own characterizations of the documents that are not supported by the content of the documents themselves, and Defendant's arguments pertaining to its own perception of the significance of the documents. *See* Def. Reply 1, 4, 6-8. KleinBank's redactions go far beyond the scope of the content of the FDIC documents themselves and are improper. *See id.*; *see also In re Neal*, 461 F.3d at 1053-54. |

Dated: September 29, 2017               *s/ Anupama D. Sreekanth*
                                        John W. Lundquist (#0065286)
                                        Anupama D. Sreekanth (#0393417)
                                        **FREDRIKSON & BYRON, P.A.**
                                        **200 South Sixth Street, Suite 4000**
                                        Minneapolis, MN 55402-1425
                                        Telephone: 612.492.7000
                                        jlundquist@fredlaw.com
                                        asreekanth@fredlaw.com

                                        *Attorneys for Defendant*

Dated: September 29, 2017               JOHN GORE
                                        Acting Assistant Attorney General
                                        Civil Rights Division

                                        By: s/ *Ernestine Ward*
                                        SAMEENA SHINA MAJEED
                                        Chief
                                        LUCY G. CARLSON
                                        Deputy Chief
                                        AURORA BRYANT (LA #33447)
                                        ERNESTINE WARD (MD # 1112150249)
                                        CHRISTOPHER BELEN (VA #78281)
                                        Trial Attorneys
                                        Housing and Civil Enforcement Section
                                        Civil Rights Division
                                        U.S. Department of Justice
                                        950 Pennsylvania Avenue NW
                                        Northwestern Building, 7th Floor
                                        Washington, D.C. 20530
                                        Phone: (202) 616 -2602
                                        Fax: (202) 514-1116
                                        Aurora.Bryant@usdoj.gov
                                        Ernestine.Ward2@usdoj.gov
                                        Christopher.Belen@usdoj.gov

                                        *Attorneys for the United States*

62166662.2