UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

In re dispositive-motion practice in cases  **AMENDED ORDER**
assigned to Judge Paul A. Magnuson

---

Notwithstanding the provisions of Local Rules 7.1(c)-(d), **IT IS ORDERED** that the following procedures shall apply to the dispositive-motion[1] practice in this case:

1. The moving party shall first contact the Court's calendar clerk, Jackie Phipps, at (651) 848-1156, to secure a hearing date <u>at least 42 days</u> in the future. Once the moving party has secured a hearing date, it shall promptly file a notice of motion informing all parties of the nature of the motion and the date, time, and location of the hearing.

2. The moving party shall serve and file the following documents <u>at least 42 days</u> before the scheduled hearing: (a) motion, (b) memorandum of law, and (c) affidavits and exhibits. The party shall provide the Court with TWO hard copies of its memorandum and ONE copy of any affidavits and exhibits.

3. The responding party shall serve and file the following documents <u>at least 21 days</u> before the hearing: (a) memorandum of law, and (b) affidavits and exhibits. The

---

[1] The following are deemed dispositive motions under this Order: motions for preliminary or permanent injunctive relief; motions to dismiss, for judgment on the pleadings, or for summary judgment; motions to certify a class action; motions to exclude expert testimony under <u>Daubert v. Merrill Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993), and/or Federal Rule of Evidence 702; motions to remand or transfer; and motions to compel arbitration. Absent permission of the Court, a party moving for a temporary restraining order must file and serve its motion papers, in addition to the Summons and Complaint, on the proposed-enjoined party before the Court will entertain the motion. A motion for a temporary restraining order is not subject to the 42-day rule set forth below; rather, the calendar clerk will advise the parties of the hearing date and briefing schedule. All motions for injunctive relief and motions to exclude expert testimony will be handled without live witness testimony absent advance permission from the Court.

party shall provide the Court with TWO hard copies of its memorandum and ONE copy of any affidavits and exhibits.

4.      The moving party may serve and file a reply memorandum of law <u>at least 14 days</u> before the hearing.  A reply memorandum shall not raise new grounds for relief or present matters that do not relate to the response, and the party shall provide the Court with TWO hard copies of its memorandum and ONE copy of any affidavits and exhibits.

5.      Parties are discouraged from providing the Court with notices of electronic filing, word-count compliance certificates, and certificates of service.

6.      If the Court *sua sponte* cancels the hearing or continues the hearing date, all subsequently filed motion papers must be served as if the original hearing date were still in effect, unless otherwise directed by the Court.

7.      Parties need not meet and confer, as required under Local Rule 7.1(a), in advance of filing a dispositive motion, although they are encouraged to do so to attempt to narrow the issues presented to the Court.

All other provisions in Local Rule 7.1 are unaffected by this Order and remain applicable, including the word limitations in Rule 7.1(f).

Dated: October 1, 2014               s/**Paul A. Magnuson**
                                     Paul A. Magnuson
                                     United States District Court Judge


**\* If a Defendant enters its appearance after this Order is filed, the Plaintiff(s) is directed to notify the Defendant of the existence of this Order and furnish a copy hereof.**