UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 17-cv-136 (PAM/FLN) |
| Plaintiffs, | **ORDER** |
| v. | |
| KleinBank, | |
| Defendant. | |

Ernestine Ward, for Plaintiff.
Anupama Skreekanth, for Defendant.

    **THIS MATTER** came before the undersigned United States Magistrate Judge on the parties' joint motion regarding continued sealing (ECF No. 43). By their joint motion, the parties seek to maintain under seal the following docket entries that were initially filed under a temporary seal pursuant to Local Rule 5.6(d)(1): docket entries 19, 21, 24, 25, 26, 35, and 38. As the Advisory Committee Note to Local Rule 5.6 observes, the newly implemented Local Rule is designed to reduce the amount of information filed under seal. The Advisory Committee goes on to blame the over sealing on confusion over the difference between protective orders and sealing orders. "Even if such information is covered by a protective order, that information should not be kept under seal unless a judge determines that a party or non-party's need for confidentiality outweighs the public's right of access." L. R. D. Minn. 5.6 advisory committee's note.

    Here, docket entries 24, 25, and 26, are portions of KleinBank's FDIC compliance reports, which KleinBank represents were provided to it by the FDIC on the condition that the reports would be maintained under seal. Federal regulation permits "discretionary disclosure of exempt [financial] records under [only] certain limited circumstances." 12 C.F.R.§ 309.1. Federal regulations further

prohibit general, public disclosure of FDIC records, and imposes penalties on unauthorized disclosures. *See* 12 C.F.R.§ 309.6; 12 C.F.R.§ 309.7. Given that the FDIC compliance reports are subject to federal confidentiality regulations, and that the parties agree that this material should remain under seal, docket entries 24, 25, and 26 shall remain under seal. *See* L. R. D. Minn. 5.6 advisory committee's note.

Docket entries 19, 35, and 38 comprise the briefing on KleinBank's motion to dismiss. *See* ECF No. 18. KleinBank has filed redacted versions of these docket entries. *See* ECF Nos. 20, 36, and 39. KleinBank argues that these docket entries should remain under seal because they quote or reference the FDIC's compliance reports, which again, were provided to KleinBank on the condition that they would be maintained under seal. *See generally* ECF No. 43. The United States does not dispute the confidentially "of quotations or factual summaries of the FDIC[']s" compliance reports, but objects to "the heavy redaction of [Kleinbank's] own characterizations of the reports." ECF No. 43 at 9.

The Court concludes that KleinBank's redactions as to docket entries 19, 35, and 38 are proper. The FDIC material that KleinBank either references, directly quotes, or analyzes relate to confidential findings of the FDIC, which are subject to federal confidentiality regulations. Moreover, these docket entries reference confidential material provided to KleinBank by a federal agency with the expectation that it would be maintained under seal. The Court recognizes the public's right of access to court files, and to that end, the Court notes that the public's access to this material is not totally deprived given that the material is redacted, but the public's right to access content referenced in the FDIC's compliance reports is not outweighed here by KleinBank's need to keep this material confidential considering it is subject to federal confidentiality regulations. As a result, docket entries

19, 35, and 38 will remain under seal, and KleinBank is not required to change its redactions, docketed at 20, 36, and 39, of these docket entries.

As to docket entry 21, this document is simply an affidavit stating that the FDIC compliance reports had been docketed as Exhibit A, B, and C respectively (ECF Nos. 24, 25, and 26). Docket entry 21 does not quote the FDIC compliance report's or discusses their content or findings. That the FDIC examined KleinBank on three occasions from 2010 through 2015, is publically available in KleinBank's redacted memorandum in support of its motion to dismiss. *See* ECF No. 20 at 33. Because docket entry 21 simply references the existence of the FDIC's examination of KleinBank, information available in other parts of the public docket, the Court cannot conclude that KleinBanks's confidentiality interest in this material outweighs the public's right of access. *See* L. R. D. Minn. 5.6 advisory committee's note. Accordingly, this docket entry will be unsealed.

On a final note, the Court observes that the parties have not moved to maintain the seal over docket entry 45. Local Rule 5.6(d)(2) imposes strict time-limits on when the parties were required to move to maintain the seal over this docket entry. The parties are instructed to file a joint motion regarding continued sealing in conformity with the Local Rule 5.6(d)(2) within ten (10) days of this Order, or docket entry 45 will be unsealed.

Based upon the foregoing, and all of the files, records and proceedings herein, it is hereby **ORDERED** that the parties' joint motion regarding continued sealing (ECF No. 43) is **GRANTED in part**. Docket entries 19, 24, 25, 26, 35, and 38, referenced above, will remain **SEALED**, and docket entry 21, referenced above, will be **UNSEALED**.

DATED: February 16, 2018          *s/Franklin L. Noel*
                                                      FRANKLIN L. NOEL
                                                      United States Magistrate Judge